12-770-cv
*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: January 30, 2013)                    Decided: July 3, 2013)

Docket No. 12-770-cv

---

DORCHESTER FINANCIAL SECURITIES, INC.,

*Plaintiff-Appellant,*

v.

BANCO BRJ, S.A.,

*Defendant-Appellee.*

---

Before: CABRANES, WESLEY, *Circuit Judges*, and FURMAN, *District Judge.*[*]

The district court held that Defendant-Appellee had rebutted Plaintiff-Appellant's allegations supporting personal jurisdiction with direct, highly specific evidence and therefore dismissed for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Where, as here, a district court chooses not to hold an evidentiary hearing, however, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive a 12(b)(2) motion to dismiss. Plaintiff's allegations in this case were sufficient to make such a *prima facie* showing.

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

Vacated and remanded.

T.J. MORROW, Morrow & Co., New York, NY, *for Plaintiff-Appellant Dorchester Financial Securities, Incorporated.*

LYNDON M. TRETTER, Hogan Lovells US LLP, New York, NY, *for Defendant-Appellee Banco BRJ, S.A.*

PER CURIAM:

Plaintiff-Appellant Dorchester Financial Securities, Inc. ("Dorchester"), appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*), entered on January 25, 2012, dismissing its complaint against Defendant-Appellee Banco BRJ, S.A. ("BRJ") for lack of personal jurisdiction. We conclude that Dorchester made a *prima facie* showing of personal jurisdiction over BRJ, and thus carried its burden in the absence of an evidentiary hearing or trial on the merits. Accordingly, we VACATE and REMAND.

## BACKGROUND

Although this suit has a long and somewhat tortured history, the facts relevant to this appeal are relatively few. Dorchester, a Florida corporation with offices in New York, initially filed suit against BRJ, a Brazilian bank, and another defendant in 2002.[1] *See* Tretter Decl. Ex. F; *id.* ¶¶ 3-4. In its 2002 complaint, Dorchester alleged claims for breach of contract and fraud based on BRJ's purported failure to honor an irrevocable $250 million letter of credit. *See id.* ¶¶ 13-16, 27-32. When BRJ failed to answer the 2002 complaint or otherwise appear, Dorchester sought and obtained a default judgment; following an inquest, the district court entered judgment against BRJ in the amount of $112,279,452.05. Order, *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., et al.* ("*Dorchester*"), 02 Civ. 7504 (S.D.N.Y. Nov. 25, 2003). In 2010, however, Dorchester moved to vacate the judgment

---

[1]      Before the district court, BRJ questioned whether Dorchester was the same entity that brought the 2002 lawsuit and, by extension, whether its suit should be dismissed either for lack of subject matter jurisdiction (based on a lack of complete diversity) or for untimeliness. The district court did not reach the question. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, No. 11 Civ. 1529 (KMW) (KNF), 2012 WL 231567, at *1 n.1 (S.D.N.Y. Jan. 24, 2012). Nor do we here.

under Rule 60(b)(6) of the Federal Rules of Civil Procedure after it learned that the default judgment was unenforceable in Brazil because it had not served process by letters rogatory. *See* Pet. to Vacate, *Dorchester*, 02 Civ. 7504 (S.D.N.Y. Dec. 5, 2010). On February 24, 2011, the district court granted Dorchester's motion to vacate and permitted Dorchester to file a new action. *See* Order, *Dorchester*, 02 Civ. 7504 (S.D.N.Y. Feb. 24, 2011).

On March 7, 2011, Dorchester filed a new complaint, which, on August 31, 2011, was superseded by a first amended complaint, also alleging breach of contract and fraud. Compl., *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.* ("*Dorchester II*"), 11 Civ. 1529 (S.D.N.Y. Mar. 7, 2011); Am. Compl., *Dorchester II*, 11 Civ. 1529 (S.D.N.Y. Aug. 31, 2011). Thereafter, BRJ moved to dismiss the first amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In response to the motion, Dorchester proffered several bases for personal jurisdiction over BRJ. Most relevant for present purposes, Dorchester submitted as an attachment to its memorandum of law a letter agreement dated October 3, 2001, in which BRJ purportedly agreed that the letter of credit "shall be governed by . . . the laws of the State of New York" and that "sufficient contacts exist with the State of New York from this transaction," and consented to "submit to personal jurisdiction in the City and State of New York for any claim or action arising from this transaction." Mem. Law Opp'n to Mot. to Dismiss ("Mem. Law Opp'n"), Ex. G, at 2. Dorchester also presented copies of (1) the letter of credit agreement identifying the beneficiary as Dorchester, located at "2,PENNSYLVANIA PLAZA,SUITE 1500,NEW YORK"; (2) an unauthenticated message from BRJ to Dorchester sent care of a bank in New York through the Society for Worldwide Interbank Financial Telecommunication (more commonly known as "SWIFT"), a Belgian messaging service specializing in the transmission of financial messages; and

3

(3) a letter addressed from BRJ to Dorchester at 2 Pennsylvania Plaza, New York, New York, demanding $250,000 in exchange for the letter of credit. Mem. Law Opp'n, Exs. H, J, Q.

In support of its motion to dismiss, BRJ contended that these documents were forgeries. Specifically, through sworn declarations and supporting documentation, BRJ submitted evidence tending to show that (1) it had no record of any prior relationship with Dorchester or the company that allegedly introduced Dorchester to Banco; (2) it had never issued financial instruments of the size or nature of the purported letter of credit; (3) the signatures on the documents submitted by Dorchester were forgeries; (4) "Luis Alcazar," who purportedly negotiated the letter of credit on BRJ's behalf, was never a BRJ employee; and (5) the unauthenticated SWIFT message was not sent by a BRJ employee. *See* Decl. of Luiz Augusto de Queiroz ¶¶ 3, 10, 13-15. More broadly, one of BRJ's directors affirmed that BRJ had never conducted any business in the United States, never issued a letter of credit to a United States beneficiary, and does not even issue financial instruments in English. *Id.* ¶¶ 5, 8, 12. BRJ also presented evidence, including court documents from Florida and California, to show that it had been the victim of other fraudulent schemes using documents much like those proffered by Dorchester. *See id.* Exs. A-K.

By Opinion and Order dated January 24, 2012, the district court granted BRJ's motion to dismiss for lack of personal jurisdiction. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, No. 11 Civ. 1529 (KMW) (KNF), 2012 WL 231567 (S.D.N.Y. Jan. 24, 2012). The district court acknowledged that where "'a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant,'" and that "[a]ll pleadings and affidavits are to be construed in the light most favorable to the plaintiff." *Id.* at *4 (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). Quoting from another Southern District of New York case, however,

4

the district court stated that "where a 'defendant rebuts [a] plaintiff['s] unsupported allegations with direct, highly specific testimonial evidence regarding a fact essential to jurisdiction — and [the] plaintiff[ ] do[es] not counter that evidence — the allegation may be deemed refuted.'" *Id.* (alterations in original) (quoting *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006)). Applying these standards, the district court concluded that BRJ had "offered an overwhelming amount of 'direct, highly specific testimonial evidence'" to show that it had no contacts with the Dorchester and the United States and that the documents submitted by Dorchester were forgeries, "none of which [evidence] Dorchester has sufficiently refuted." *Id.* at *5 (quoting *Merck*, 425 F. Supp. 2d at 420). Accordingly, the court held that it lacked personal jurisdiction over BRJ and dismissed the first amended complaint pursuant to Rule 12(b)(2). This appeal followed.[2]

**DISCUSSION**

We have long made clear that "[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (citing cases). Significantly, however, the showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it "varies depending on the procedural posture of the litigation." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). In *Ball*, we explained this sliding scale as follows:

> Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At

---

[2]    After the appeal was filed, the district court *sua sponte* advised the Clerk of this Court that its Opinion and Order had erroneously dismissed Dorchester's first amended complaint "with prejudice" and requested that the Opinion and Order be amended to reflect that the dismissal was *without* prejudice. By order entered April 11, 2012, this Court granted the district court's request.

5

that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations. After discovery, the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the *prima facie* showing must be factually supported.

Where the jurisdictional issue is in dispute, the plaintiff's averment of jurisdictional facts will normally be met in one of three ways: (1) by a Rule 12(b)(2) motion, which assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency, (2) by a Rule 56 motion, which asserts that there are undisputed facts demonstrating the absence of jurisdiction, or (3) by a request for an adjudication of disputed jurisdictional facts, either at a hearing on the issue of jurisdiction or in the course of trial on the merits. If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction. If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought. If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence.

*Id.* (citations omitted); *accord S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010); *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 469-70 (2d Cir. 2003); *Marine Midland Bank*, 664 F.2d at 904. Where, as here, the district court relies on the pleadings and affidavits, and does not conduct a "full-blown evidentiary hearing," we review the district court's resulting legal conclusions *de novo*. *S. New Eng. Tel.*, 624 F.3d at 138 (internal quotation marks omitted). "In doing so, we construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Id.* (internal quotation marks omitted).

Applying these well-established standards to this case, we are compelled to vacate and remand for further proceedings. Indeed, we need look no further than the letter agreement of October 3, 2001, submitted by Dorchester in opposition to BRJ's motion to dismiss, in which BRJ purportedly agreed "that sufficient contacts exist with the State of New York from this transaction," and consented to "submit to personal jurisdiction in the City and State of New York for any claim

6

or action arising from this transaction." Mem. Law Opp'n, Ex. G, at 2. As such consent, if credited by the trier of fact, would plainly suffice to establish personal jurisdiction over BRJ, *see, e.g.*, *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103-04 (2d Cir. 2006); *Indosuez Int'l Fin. B.V. v. Nat'l Reserve Bank*, 98 N.Y.2d 238, 246-47 (2002); *see also, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that where "forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process" (citations and internal quotation marks omitted)), it follows that Dorchester made a sufficient showing to survive BRJ's motion in the absence of an evidentiary hearing or trial.[3]

To be sure, there is plainly reason to question the authenticity of the October 3, 2001 letter agreement, as BRJ's evidence submitted to the district court tends to show that the agreement and the other documents upon which Dorchester relied were forgeries. But in the absence of an evidentiary hearing, it was error for the district court to resolve that factual dispute in BRJ's favor. *See, e.g.*, *Marine Midland Bank*, 664 F.2d at 904 (noting that, until an evidentiary hearing is held, "a *prima facie* showing suffices, *notwithstanding any controverting presentation by the moving party*, to defeat the motion" (emphasis added)). In concluding otherwise, the district court relied on the principle that where "a defendant rebuts a plaintiff's unsupported allegations with direct, highly specific testimonial evidence regarding a fact essential to jurisdiction — and the plaintiff does not counter that evidence — the allegation may be deemed refuted," a principle derived from a line of cases from the Southern District of New York. *Dorchester*, 2012 WL 231567, at *4 (brackets omitted) (quoting *Merck*, 425 F. Supp. 2d at 420). As BRJ conceded at oral argument, however, this Court

---

[3]      In light of the alleged October 3, 2001 letter agreement, we need not, and do not, consider whether Dorchester's other proffered bases for personal jurisdiction over BRJ would suffice. Notably, however, BRJ all but concedes that "the documents and contacts upon which Dorchester relies, if authentic, would satisfy New York long arm jurisdiction statutes and Constitutional Due Process." (BRJ Br. 17 (internal quotation marks and emphasis omitted)).

7

has never adopted that standard (Oral Arg. at 1:36:38), and we decline to do so now as it is inconsistent with the framework set forth in *Ball*.[4]

To be clear, we do not hold that the district court in this case erred in failing to hold an evidentiary hearing, as there is no indication that either party requested one. Nor did the district court err in considering materials outside the pleadings, as we have made clear that a district court may do so without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment. *See, e.g.*, *S. New Eng. Tel.*, 624 F.3d at 138. Instead, the district court's error was, having chosen "not to conduct a full-blown evidentiary hearing," *id.* (internal quotation marks omitted), in resolving the parties' dispute over the authenticity of Dorchester's evidence rather than evaluating, whether Dorchester had, through its pleadings and affidavits, made a *prima facie* showing of personal jurisdiction "notwithstanding any controverting presentation by" BRJ, *Marine Midland Bank*, 664 F.2d at 904.

On remand, therefore, the district court retains its "considerable procedural leeway." *Id.* It may choose again not to hold a hearing, in which case Dorchester has made a sufficient showing to survive BRJ's motion to dismiss for lack of personal jurisdiction. Such a showing, however, would not prevent BRJ from challenging the jurisdictional facts at trial, when Dorchester would have to prove the facts supporting jurisdiction by a preponderance of the evidence. *See, e.g.*, *Visual Scis., Inc. v. Integrated Commc's Inc.*, 660 F.2d 56, 58-59 (2d Cir. 1981). Alternatively, the district court may conduct an evidentiary hearing on the merits of the motion, in which case it would be Dorchester's

---

[4] The language quoted by the district court originally appeared in *Schenker v. Assicurazioni Genereali S.p.A., Consolidated*, No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *3 (S.D.N.Y. July 15, 2002), which cited for the proposition *Kulas v. Adachi*, 96 Civ. 6674 (MBM), 1997 WL 256957, at *5 (S.D.N.Y. May 16, 1997), and *Bear, Stearns & Co. v. Ralph C. Wilson Industries, Inc.*, 91 Civ. 2223 (LMM), 1991 WL 211203, at *2-3 (S.D.N.Y. Oct. 9, 1991). *Kulas* and *Bear, Stearns*, in turn, cited *Bialek v. Racal-Milgo, Inc.*, 545 F. Supp. 25, 33 (S.D.N.Y. 1982), in which the court stated that a defendant can win a Rule 12(b)(2) dismissal if the defendant's moving papers "entirely refute the plaintiff's allegations." Notably, the *Bialek* Court cited no authority from this Court (or any court for that matter) for this proposition.

burden to establish jurisdiction by a preponderance of the evidence, and then decide whether proceeding to trial is appropriate.[5]

We note that the facts of this case may present the unusual situation in which the jurisdictional dispute is interwoven with the underlying merits of Dorchester's suit. In such circumstances, we have held that "[i]f . . . the overlap in the evidence is such that fact-finding on the jurisdictional issue will adjudicate factual issues required by the Seventh Amendment to be resolved by a jury, then the [District] Court must leave the jurisdictional issue for the trial," but that the "[District] Court may also deem it appropriate to make a preliminary finding on jurisdictional facts, subject to revision later in the proceedings or at trial." *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006) (internal citations omitted); *see also Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) ("A well-recognized exception to [the usual rule] requires the conversion of a Rule 12(b)(1) motion to a Rule 56 or 12(b)(6) motion if the jurisdictional question is intertwined with the merits of the plaintiff's case." (alterations and internal quotation marks omitted)); *Morrison v. AmWay Corp.*, 323 F.3d 920, 925 (11th Cir. 2003); 5C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 1350 (3d ed. 2010) ("If . . . a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial."). We leave it to the District Court, in the first instance, to determine the precise nature of the jurisdictional dispute at issue here and the most appropriate vehicle for addressing it.

---

[5] Needless to say, if, after holding the appropriate proceeding, the district court were to find that Dorchester had knowingly relied on forged or fraudulent evidence, the district court would retain its full authority to impose appropriate sanctions.

**CONCLUSION**

For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND**

the case for further proceedings consistent with this opinion.[6]

---

[6]  BRJ urges us to affirm on the ground that Dorchester's suit is barred by the statute of limitations.  (BRJ Br. 34-41).  Although we are free to affirm on any ground for which there is a record sufficient to permit a conclusion of law, even a ground not relied upon by the district court, *see, e.g.*, *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004) (per curiam), we decline to do so here and leave the question of whether Dorchester's suit is time-barred or otherwise deficient to the district court to address in the first instance.  BRJ also asks that we strike portions of the joint appendix and Dorchester's brief, a request that it first made by motion that was referred to the merits panel for decision.  (BRJ Br. 32-33).  As we have not relied upon any of the relevant materials, BRJ's motion is denied as moot.