12-3383-cv
O'Mahoney v. Susser

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
           PETER W. HALL,
                    *Circuit Judges*.
-----------------------------------------------------------------------
JOAN O'MAHONEY, as Administrator of the Estate of Michael Howard Schwartz,

                    *Plaintiff-Appellee*,

               v.                                    No.  12-3383-cv

ALAN SUSSER,

                    *Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        RAYMOND A. CONNELL, ESQ., New York, New York.

APPEARING FOR APPELLEE:         ALBERT  GUREVICH,  ESQ., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 24, 2012, is AFFIRMED.

Defendant Alan Susser appeals from a judgment awarding plaintiff Joan O'Mahoney $161,000.00 in damages and $17,369.00 in attorney's fees for Susser's nonpayment of a promissory note (the "Note") owed to Michael Howard Schwartz, O'Mahoney's late husband. Susser faults the district court's (1) refusal to dismiss for lack of personal jurisdiction over him, and (2) award of summary judgment to O'Mahoney in the stated amount when equity should have estopped her from claiming post-maturity interest on the Note. We review de novo the denial of dismissal for lack of personal jurisdiction, considering whether, on the basis of "affidavits and supporting materials," plaintiff has made a prima facie showing of jurisdiction. Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (internal quotation marks omitted). We also review de novo an award of summary judgment, affirming only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Sudler v. City of New York, 689 F.3d 159, 168 (2d Cir. 2012). In conducting such review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.      Personal Jurisdiction

Susser contends that the district court lacked personal jurisdiction over him because his only contacts with the forum state were telephone calls between himself (in Florida) and Schwartz (in New York) preceding execution of the agreement in their respective states. This, he submits, is insufficient as a matter of law to satisfy the transaction-of-business requirement of New York's long-arm statute. See N.Y. C.P.L.R. § 302(a)(1); see also D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (applying law of forum state to issue of personal jurisdiction in diversity cases). Susser contends that no different conclusion is warranted by his June 1998 meeting with Schwartz in New York as that meeting was coincidental to Susser traveling to New York for unrelated reasons. As for the July 1998 family gathering in Mohonk, New York, Susser disputes his attendance and, in any event, the admissibility of O'Mahoney's hearsay account of her husband's report of the meeting.

In reviewing the district court's determination that there was personal jurisdiction over Susser, a review we undertake de novo, we

> constru[e] all pleadings and affidavits in the light most favorable to the plaintiff[s] and resolv[e] all doubts in the plaintiff[s'] favor. . . . [P]laintiff[s] must make a prima facie showing that jurisdiction exists . . . , [which] must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012) (internal quotation marks and citations omitted). It is error for a district court to resolve factual disputes in favor of the defendant in the absence of an evidentiary hearing. See Dorchester

3

v. Fin. Sec., Inc. v. Banco BRJ, S.A., - F.3d -, 2013 WL 3335784, at *4 (2d Cir. Jul. 3, 2013). Thus, in the absence of an evidentiary hearing, which Susser never requested, or an argument on summary judgment that the court lacked personal jurisdiction, which Susser never advanced, we need here determine only whether the pleadings, affidavits, and accompanying exhibits, viewed in the light most favorable to O'Mahoney, demonstrate a prima facie showing of jurisdiction over Susser. See id.; see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d at 59.

Upon an independent review of the record, we conclude that it supports personal jurisdiction based on Susser's transaction of business in New York. See George Reiner & Co. v. Schwartz, 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 846 (1977) (noting that "single transaction in New York w[ill] satisfy the statutory requirement"). It shows that it was Susser who, after conducting a previous business loan transaction with Schwartz, knowingly thrust himself into the state for the singular purpose of securing $100,000 from Schwartz, a New York resident. Not only did Susser admit to making a series of telephone calls to New York in order to negotiate the terms of the loan, but he also admitted to meeting Susser in New York two months before he executed the Note. Although Susser claims that the New York meeting "was a brief social contact for a drink," Appellant's Br. 11, 42, and not initiated for purposes of negotiating the Note, he acknowledges that the Note was among the matters discussed. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (noting that in prima facie review, "we construe the pleadings and affidavits in the

4

light most favorable to plaintiffs, resolving all doubts in their favor"). Finally, after Susser failed to repay the Note on time, he started sending payments to O'Mahoney in New York in 2004, and in 2009, asked O'Mahoney to send him a list of payments received and interest calculations so that he could "continue to move forward on the same page." O'Mahoney Aff., Mar. 3, 2011, Ex. 4, J.A. 39.

Susser's initiation of a transaction aimed at securing money from New York, his meeting in New York with the lender and discussion of final details regarding the Note, and his transmittal of monies to New York to satisfy the Note's obligations, together distinguish this case from others in which this court has held an out-of-state defendant's contacts to be insufficient under § 302(a)(1). See Fiedler v. First City Nat'l Bank of Houston, 807 F.2d 315, 318 (2d Cir. 1986) (holding that two telephone calls and mailing from Texas for purpose of finalizing repayment of guarantees on loan from Texas bank insufficient to create jurisdiction under New York law); Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983) (holding that out-of-state defendant's transmittal into New York of cease-and-desist letter to New York plaintiff for purported trademark infringement was insufficient to create jurisdiction over defendant in a New York declaratory judgment action).

In short, having sought out a particular New York lender, having contacted him in New York for the express purpose of soliciting a loan, having visited New York prior to executing the Note, and having made repayments on the Note to New York, Susser can reasonably be said to have "projected himself into [New York] to engage in a sustained and

5

substantial transaction of business." Fischbarg v. Doucet, 9 N.Y.3d 375, 381, 849 N.Y.S.2d 501, 506 (2007) (internal quotation marks and alterations omitted); see also Deutsche Bank Sec., Inc. v. Montana Bd. of Inv., 7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 167 (2006) ("We have in the past recognized CPLR 302(a)(1) long-arm jurisdiction over commercial actors and investors using electronic and telephonic means to project themselves into New York to conduct business transactions . . . ."). Accordingly, the district court properly exercised jurisdiction over Susser.

2.    Equitable Estoppel

Susser contends that O'Mahoney should have been equitably estopped from requesting post-maturity interest on the Note because she never mentioned such interest in her correspondence to Susser following the Note's maturity, and because she cashed a check for $30,000 from Susser that stated in the "memorandum" section "$100,00 - $30,000 = $70,000," thereby implicitly acknowledging that he was paying toward principal and not interest. Susser Aff. Jan. 21, 2011, Ex. B, J.A. 25.8. These allegations fail to establish, let alone suggest, that O'Mahoney perpetrated "an act of wrongdoing[,] such as fraud or concealment," a necessary precondition to applying equitable estoppel under Florida law, which controls disputes arising under the Note. Florida Dep't of Health and Rehabilitative Servs. v. S.A.P., 835 So. 2d 1091, 1097 (Fla. 2002). Nor does Susser point to any evidence that his reliance on O'Mahoney's representations prejudiced him. See Major League Baseball v. Morsani, 790 So. 2d 1071, 1076 (Fla. 2001) ("Equitable estoppel is the effect of

6

the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which perhaps have otherwise existed . . . against another person, <u>who has in good faith relied upon such conduct and has been led thereby to change his position for the worse</u> . . . ." (emphasis added) (internal quotation marks omitted)). Accordingly, Susser's equitable estoppel argument fails on the merits.

We have considered Susser's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

7