18-978-cv
*Fleming v. ISCO Indus., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.

PRESENT:    GUIDO CALABRESI,
                JOSÉ A. CABRANES,
                DENNY CHIN,
                      *Circuit Judges.*

---

DOUGLAS FLEMING,

            *Plaintiff-Appellant*,                  18-978-cv

            v.

ISCO INDUSTRIES, INC.,

            *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:           Douglas Fleming, *pro se*, Chaplin, CT.

FOR DEFENDANT-APPELLEE:           Joseph J. Blyskal, Gordon Rees Scully Mansukhani, LLP, Glastonbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 7, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Douglas Fleming ("Fleming"), *pro se*, appeals from the District Court's judgment dismissing his complaint against Defendant-Appellee ISCO Industries, Inc. ("ISCO").[1] On March 17, 2017, Fleming commenced this action in Connecticut Superior Court, asserting four state-law causes of action. ISCO removed the case to federal court and, on July 19, 2017, moved to dismiss. The District Court granted ISCO's motion, concluding that Fleming lacked standing to pursue the action, and that the Court did not have personal jurisdiction over ISCO. *See Fleming v. ISCO Indus., Inc.*, No. 3:17-CV-648 (VAB), 2018 WL 1141358, at *4–8 (D. Conn. Mar. 2, 2018). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's dismissal for lack of standing and personal jurisdiction *de novo*. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (personal jurisdiction); *Fuentes v. Bd. of Educ. of City of New York*, 540 F.3d 145, 148 (2d Cir. 2008) (standing).

We agree with the District Court that Fleming lacks standing to pursue this action. Fleming, a *pro se* litigant, cannot assert claims on behalf of Douglas P. Fleming, LLC. *See Lattanzio v. COMTA*, 481 F.3d 137, 138 (2d Cir. 2007) (per curiam) ("[B]ecause [the *pro se* plaintiff] is not an attorney, he cannot represent [an LLC], notwithstanding that he is [the LLC's] sole member."). And to the extent Fleming asserts claims on his own behalf, the complaint does not sufficiently allege that he—as opposed to Douglas P. Fleming, LLC—suffered a concrete injury. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("[T]he 'irreducible constitutional minimum' of standing" requires a plaintiff to allege that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

---

[1] Fleming's brief also purports to challenge the District Court's July 5, 2017 order denying his motion to remand. *See Fleming v. ISCO Indus., Inc.*, No. 3:17-CV-00648 (VAB), 2017 WL 7279382 (D. Conn. July 5, 2017). But Fleming does not identify this order in his notice of appeal. *See* Fleming App. 62. Because "our jurisdiction is limited by the wording of the notice," *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) (per curiam), we decline to consider Fleming's argument on this score. In any event, Fleming's contention that removal was untimely lacks merit because the record shows that ISCO removed the case within 30 days of receiving the operative pleading. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days *after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (emphasis added)).

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Fleming's challenge to the District Court's conclusion that it lacked personal jurisdiction over ISCO fares no better. Fleming contends, for the first time on appeal, that ISCO waived its right to contest personal jurisdiction, and that the District Court improperly considered material outside of the pleadings. We generally do not consider arguments raised for the first time on appeal unless doing so is "necessary to avoid manifest injustice." *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003) (internal quotation mark omitted). Fleming has identified no such need. Regardless, his arguments are unavailing. He identifies no plausible basis on which we could conclude that ISCO waived its right to contest personal jurisdiction, and it is well-settled that district courts may look beyond the pleadings when adjudicating motions to dismiss for lack of personal jurisdiction, *see Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) ("[W]e have made clear that a district court may [consider materials outside the pleadings] without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment.").

## CONCLUSION

We have reviewed all of the remaining arguments raised by Fleming on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 7, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk