*Johnson v. UBS AG*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>DENNY CHIN,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges*.

---

KATHLEEN JOHNSON and JUDITH WOODARD,
individually and as Trustees of the Annabell M. Palmer Family Trust,

>*Plaintiffs-Appellants*,

>v.                                         No. 18-2906

UBS AG,

>*Defendant-Appellee*,

Union Bank of Switzerland,

>*Defendant*.

---

1

| For Plaintiffs-Appellants Kathleen Johnson and Judith Woodard: | JACK S. DWECK, The Dweck Law Firm, LLP, New York, NY. |
|---|---|
| For Defendant-Appellee UBS AG: | DAVID L. GOLDBERG, Katten Muchin Rosenman LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Kathleen Johnson and Judith Woodard, individually and as trustees of the Annabell M. Palmer Family Trust ("the Trustees"), brought suit against defendant-appellee UBS AG ("UBS") for conduct arising from decedent Ann Palmer's 1998 transfer of $4 million from an account in the United States to UBS in Switzerland. The Trustees appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) dismissing their amended complaint for lack of personal jurisdiction over UBS and for failing to meet the statutes of limitations for their various claims under New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision to grant motions under Rule 12(b)(2) and 12(b)(6)." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018).[1] "[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

merits of the motion." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam). Courts may consider materials outside the pleadings on a motion to dismiss for lack of personal jurisdiction without converting it into a summary judgment motion. *Id.* at 86. "Where . . . the district court relies on the pleadings and affidavits, and does not conduct a full-blown evidentiary hearing, we review the district court's resulting legal conclusions *de novo*," construing the pleadings and affidavits in favor of the plaintiffs. *Id.* at 85.

Three requirements must be met to exercise personal jurisdiction over a defendant: service of process must have been procedurally proper, "there must be a statutory basis for personal jurisdiction," and "the exercise of personal jurisdiction must comport with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). We agree with the district court that the Trustees have not plausibly alleged facts to meet the due process requirements for jurisdiction and that they therefore have not made "a prima facie showing that jurisdiction exists." *Charles Schwab*, 883 F.3d at 81.

To establish that the exercise of personal jurisdiction comports with the due process clauses of the Fifth and Fourteenth Amendments, courts must determine both "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant" and "whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case." *Waldman*, 835 F.3d at 331. In analyzing the minimum contacts requirement, courts have distinguished between two bases for personal jurisdiction: specific jurisdiction and general jurisdiction. *Id.* Neither version is present in this case.

First, the Trustees do not allege facts to plead specific jurisdiction. To establish specific jurisdiction, a "defendant's suit-related conduct must create a substantial connection with the

3

forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Trustees attempt to meet the minimum contacts standard through a simple equation: a case arising out of UBS's "contacts within the U.S.," plus UBS's continuing presence in New York through its branch offices, equals specific jurisdiction. Appellants' Br. 13. But these components do not add up. The Trustees' method of establishing jurisdiction is similar to a "sliding scale approach," in which "the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims"—an approach the Supreme Court has rejected as "a loose and spurious form of general jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017). "For specific jurisdiction, a defendant's general connections with the forum are not enough." *Id.*[2] And neither the complaint nor any of the other documents in the record suggest that UBS's connections with New York relate to the circumstances of this case. The complaint fails to allege which state Palmer was in when she wired the $4 million, and it also fails to indicate where she was convinced to transfer the funds. It states only that she transferred the funds from "her account at Citibank in the United States." Compl. ¶ 8. The documents the Trustees entered into the record below indicate that her account was based in California, not New York. UBS's New York presence cannot make up for the utter lack of any alleged connection between that presence and the events in this case.

The Trustees also assert that specific jurisdiction exists because "UBS has availed itself of the Courts in New York" in other cases. Appellants' Br. 14; *see* Reply Br. 3-4. This argument, too, fails. "Courts typically require that the plaintiff show some sort of causal relationship between a defendant's U.S. contacts and *the episode in suit*, and *the plaintiff's claim* must in

---

[2] For similar reasons, the district court is also correct that Johnson's New York citizenship is irrelevant to the personal jurisdiction analysis. *See Walden*, 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").

some way arise from the defendants' purposeful contacts with the forum." *Charles Schwab*, 883 F.3d at 84 (emphases added). UBS's involvement in other cases in New York does not create specific jurisdiction because "a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction," and those other cases create no "connection between the forum and the specific claims at issue" here. *Bristol-Myers Squibb*, 137 S. Ct. at 1781. For a court to have specific personal jurisdiction, there must be an "adequate link between the State and the nonresidents' claims." *Id.* The Trustees have identified no such link.

Nor do the Trustees make a prima facie showing of general jurisdiction. Courts "may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "Aside from the truly exceptional case, a corporation is at home and subject to general jurisdiction only in its place of incorporation or principal place of business." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018). As this Court has previously noted—and as UBS's uncontested declaration filed below attests—"UBS AG's place of incorporation and principal place of business is in Switzerland." *Id.* While the Trustees' reply brief appears to indirectly contest UBS's Swiss citizenship, their amended complaint itself alleges that UBS AG is a citizen of Switzerland.

The Trustees nevertheless assert that the district court could exercise general jurisdiction over UBS because UBS "provides banking and investment services in New York" and "is subject to the regulations of the New York State Department of Financial Services . . . and the New York State Banking Authority." Appellants' Br. 13. However, this Court, "in interpreting *Daimler*, noted that the case expressly cast doubt on previous Supreme Court and New York

Court of Appeals cases that permitted general jurisdiction on the basis that a foreign corporation was doing business through a local branch office in the forum." *SPV Osus*, 882 F.3d at 343. As this Court has held in another similar suit, UBS AG's contacts with New York do not "render this an exceptional case" in which general jurisdiction can be exercised in New York. *Id.*

While the Trustees argue that jurisdictional discovery should have been granted, they have not made the "prima facie showing of personal jurisdiction" required to surpass a motion to dismiss, *see Dorchester Fin. Sec.*, 722 F.3d at 86, and they have not identified any additional information they would hope or expect to obtain that would change the result.[3]

We have considered all of the Trustees' contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] As we find the due process element of personal jurisdiction a sufficient basis for affirming, we need not address the district court's determinations that the New York long-arm statute provides no basis for personal jurisdiction or that the Trustees' claims are untimely.