19-2218-cv
*Yih v. Taiwan Semiconductor Mfg. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
           STEVEN J. MENASHI,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


JIHSHYR YIH,

                *Plaintiff-Appellant,*


          -v-                                        19-2218-cv


TAIWAN SEMICONDUCTOR MANUFACTURING
COMPANY,

                *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:          JihShyr Yih, *pro se*, Yorktown Heights, New York.

FOR DEFENDANT-APPELLEE:     Jessica Kastin and Rajeev Muttreja, Jones Day, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant JihShyr Yih, *pro se*, appeals from the judgment of the district court, entered June 25, 2019, dismissing his amended complaint (the "complaint") against defendant-appellee Taiwan Semiconductor Manufacturing Company ("TSMC") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). TSMC is a Taiwanese company headquartered in Taiwan. The complaint alleged violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the New York State Human Rights Law in connection with TSMC's decision not to hire Yih for a position in Taiwan. The district court held that TSMC's presence in New York was not sufficient to permit the court's exercise of general jurisdiction over it, and that TSMC's communications with Yih during the recruitment process were too attenuated to provide a basis for specific jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On a motion to dismiss for lack of personal jurisdiction, "a district court has considerable procedural leeway. It may determine the motion on the basis of

2

affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013).  Where, as here, the district court decides the motion based "on the pleadings and affidavits, and does not conduct a full-blown evidentiary hearing, we review the district court's resulting legal conclusions *de novo*," and a plaintiff need only make a *prima facie* showing that personal jurisdiction exists by "pleading in good faith, legally sufficient allegations of jurisdiction." *Id.* at 84-85 (internal quotation marks omitted).  The pleadings and any supporting materials are construed in the light most favorable to the plaintiff.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

Personal jurisdiction over a foreign defendant involves a two-step inquiry. *Id.* at 168.  First, courts look to the law of the forum state to determine whether jurisdiction exists.  *Id.*  Where the forum state's jurisdictional requirements are satisfied, the court must then "consider whether the district court's exercise of personal jurisdiction over a foreign defendant comports with the due process protections established under the United States Constitution."  *Id.*  Here, the district court determined that there was no basis for jurisdiction under New York law and did not reach the due process question.  We agree and affirm on this basis.

## I.    General Jurisdiction

Under Section 301 of New York's Civil Practice Law and Rules ("C.P.L.R."), a court sitting in New York has general personal jurisdiction over a defendant company that has "engaged in such a continuous and systematic course of doing business [in New York] that a finding of its presence in [New York] is warranted." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33 (1990) (internal quotation marks omitted). "The court must be able to say from the facts that the corporation is present in [New York] not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* at 33-34 (internal quotation marks omitted).

Here, the district court properly found that Yih failed to make a *prima facie* showing of general jurisdiction over TSMC under C.P.L.R. § 301. Although Yih argues for a "solicitation plus" theory of general jurisdiction, Appellant's Br. at 26-30, which applies to defendants who solicit a substantial amount of business in New York and engage in other "activities of substance in addition to solicitation," *Laufer v. Ostrow*, 55 N.Y.2d 305, 310 (1982), Yih's pleadings were insufficient to support the application of this theory to TSMC. As the district court observed, TSMC did not solicit a substantial amount of business in the state because it generated substantially less than one percent of its total revenue from New York customers, its business activities were primarily

4

related to its listing on the New York Stock Exchange, and it did not engage in other activities of substance in New York.

Yih also argues that TSMC solicits business in New York because TSMC's website provides an email address as a point of contact for potential customers in the "East region." Appellant's Br. at 26. The website contact information Yih points to, however, refers to the "East region" generally and does not mention New York. Even had the website mentioned New York, this evidence would still be inadequate because passive websites, "which merely impart information without permitting a business transaction, are generally insufficient to establish personal jurisdiction." *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 377 (2014).

Next, Yih argues that TSMC engages in investor relations through Citibank in New York. New York law "accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings (such as making SEC filings and designating a depository for their shares) without thereby subjecting themselves to New York jurisdiction for unrelated occurrences." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000). Further, "[a] business relationship with a New York entity does not provide a sufficient basis for [general] jurisdiction at least in the absence of a showing that that company has become an agent or division of the company over which the plaintiff seeks to exercise personal jurisdiction." *Landoil Res. Corp. v. Alexander &*

*Alexander Servs., Inc.*, 918 F.2d 1039, 1046 (2d Cir. 1990). Thus, TSMC's relationship with Citibank -- used solely to facilitate a listing on the New York Stock Exchange -- was not a basis for general jurisdiction.

Finally, Yih asserts that he was "recruited twice" in New York, that his former colleagues, who now work for TSMC, do not "deny that they were actively recruited by TSMC" in New York, and that these facts show that TSMC recruits employees from New York. Appellant's Br. at 27-28. But Yih failed to allege in his pleadings that any of his former colleagues were recruited in New York. Furthermore, Yih was not in fact recruited on two separate occasions; rather, he had two Skype interviews with TSMC in August and September of 2017 during the same recruitment process after being initially contacted by a third-party Singapore-based recruiting company, Lighthouse Global Resources ("LGR"). These assertions are insufficient to establish general jurisdiction.

## II. Specific Jurisdiction

New York law provides for specific jurisdiction when an out-of-state individual or corporation "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action is based on this activity. N.Y. C.P.L.R. § 302(a)(1). Here, the district court correctly held that TSMC's recruitment of Yih did not amount to transacting business within the state, and thus the recruitment efforts were not a basis for the exercise of personal jurisdiction under the statute.

6

Yih first contends that TSMC transacted business in New York when it contracted with LGR to recruit him. Under New York law, however, "[m]ore than limited contacts are required for purposeful activities sufficient to establish that the non-domiciliary transacted business." *Coast to Coast Energy, Inc. v. Gasarch*, 53 N.Y.S.3d 16, 18 (1st Dep't 2017) (quoting *Paterno*, 24 N.Y.3d at 376). In *Fischbarg v. Doucet*, 9 N.Y.3d 375 (2007), the New York Court of Appeals ruled that C.P.L.R. § 302(a)(1) applied to California-based defendants based on their contractual relationship with a New York lawyer who represented them in federal court in Oregon. *Id.* at 377. In that case, however, the defendants not only reached out to the plaintiff, but also established an ongoing attorney-client relationship and communicated extensively with the plaintiff over the course of several months. *Id.* at 380-81. The Court of Appeals acknowledged that more limited contacts regarding services to be performed outside New York would not satisfy C.P.L.R. § 302(a)(1). *Id.* at 380.

TSMC's recruiting practices in New York were plainly insufficient to satisfy C.P.L.R. § 302(a)(1) as that statute has been interpreted by New York's highest court. As an initial matter, the record demonstrated that although TSMC asked LGR to recruit candidates for a position based in Taiwan, it never specifically instructed LGR to reach out to potential candidates in New York or even the United States. Absent any allegation of recruiting targeted at New York, the sole communications tying TSMC to New York were those it had with Yih. These communications -- two Skype interviews

7

and emails through a third-party agent regarding a position in Taiwan for which Yih was not hired -- were too limited to amount to a purposeful transaction of business in New York. *See, e.g.*, *Am./Int'l 1994 Venture v. Mau*, 42 N.Y.S.3d 188, 198 (2d Dep't 2016) (no specific jurisdiction where "it is undisputed that the defendant's only personal contacts with New York consisted of sending one letter and making one phone call to the representatives of the joint venture").

Yih also contends that specific jurisdiction was established because he sought employment with TSMC in New York. There was no allegation, however, that TSMC intended for Yih to work from New York, or that TSMC would have permitted him to do so if hired. To the contrary, LGR's first email to Yih, supplied by Yih in opposition to TSMC's motion to dismiss, asked him if he was ready to "get back to Taiwan for work." D. Ct. Dkt. No. 19 at 15. And there is no evidence in the record that any TSMC staff considered Yih's desire to work remotely from New York; instead, the questions they asked, including the family and marital questions to which Yih objected, related to his ability and willingness to relocate to Taiwan. As the district court observed, Yih's subjective belief about the locus of the job does not confer personal jurisdiction because it does not show that TSMC intended to employ him in New York.

Finally, we decline to consider Yih's arguments that the district court has jurisdiction under C.P.L.R. § 302(a)(2) because TSMC committed a tort against him, or that the "sham affidavit" doctrine should apply to a declaration by one of TSMC's

8

managers, because Yih did not raise these issues in district court. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

*   *   *

We have considered Yih's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court