**Anthony ADAMS, Plaintiff,**

v.

**Michael WEX, Guthy Renker Corporation, Guthy Renker Television Network, Inc. and Time Warner Entertainment Company, L.P., Defendants.**

**No. 3:98–CV–1045 (WWE).**

United States District Court,
D. Connecticut.

June 28, 1999.

Anthony W. Adams, Trumbull, CT, pro se.

Berthold H. Hoeniger, Bridgewater, CT, for Anthony W. Adams.

Richard E. Castiglioni, James Patrick Blanchfield, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT, for Michael Wex, Guthy–Renker Corp., Guthy–Renker Television Network, Inc.

Daniel Schwartz, Sarah Moore Fass, Day, Berry & Howard, Stamford, CT, Felix J. Springer, Day, Berry & Howard, Hartford, CT, Lynn A. Kappelman, Dey-

farth, Shaw, Fairweather & Geraldson, New York City, for Time Warner Entertainment Co.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendants Michael Wex ("Wex"), Guthy Renker Corporation ("GRC") and Guthy Renker Television Network, Inc. ("GRTV") move this Court for an order dismissing the present action as to them for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). On January 6, 1999, this Court granted an identical motion, absent objection. Plaintiff's counsel then moved to vacate this ruling, citing good cause for so doing. The Court granted that motion on February 16, 1999. The present Motion was then resubmitted for substantive review of plaintiff's position.

## STATEMENT OF FACTS

The Court summarizes only those facts believed necessary to an understanding of, and decision rendered on, this Motion.

Plaintiff's three-count complaint alleges causes of action arising out of co-defendant Time Warner Entertainment Co.'s ("TW") decision to terminate plaintiff's employment.

The first two counts are directed at TW. The third count is the count directed at the present movants and alleges that these defendants tortiously interfered with plaintiff's "implied" employment contract with TW.

GRTV and GRC are foreign corporations, as defined by Conn.Gen.Stat. Section 33–602(12) [1], organized and existing under the laws of Delaware, with their offices and principal place of business in California. Wex, the only individual named in the complaint, resides solely in California.

## LEGAL ANALYSIS

### I. The Standard of Review

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over a defendant. *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (1996). Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). At that stage, plaintiff's proof is satisfied by a *prima facie* showing. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Once discovery commences, plaintiff's burden is more stringent and he must submit an averment of facts that, if credited by the trier of fact, would suffice to establish jurisdiction over the defendant. *Ball*, 902 F.2d at 197. In the present case, seven months of jurisdictional discovery has now taken place. Plaintiff's averment must be made on personal knowledge, must set forth facts that would be admissible in evidence and must state affirmatively that the affiant is competent to testify to the matters set forth therein. Fed.R.Civ.P. 56(e). "When an affidavit does not comply with these basic requirements, the offending portions should be stricken or disregarded by the court." *Delacroix v. Lublin Graphics, Inc.*, 993 F.Supp. 74, 80 (D.Conn.1997).

### II. The Standard As Applied

#### A. Michael Wex

Plaintiff asserts personal jurisdiction as to Michael Wex pursuant to Conn.Gen. Stat. § 52–59b(a)(1) and (a)(3).

Those two subsections provide:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual

---

1. "Foreign corporation" means "a corporation incorporated under a law other than the law of this state." Conn.Gen.Stat. § 33–602(12).

... who in person or through an agent (1) Transacts any business within the state; ... or (3) commits a tortious action outside the state causing injury to person or property within the state ... if he (A) regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state, or (B) expects or should reasonably expect the act to have consequences in the state to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

 The Court finds that subsection (a)(1) is inapplicable to Wex individually under the facts of this case. Initially, the affidavit submitted by plaintiff as to the four trips allegedly made to Connecticut from California by Wex is speculative, inadmissible information. First, the day planner upon which plaintiff relies only refers to one meeting in Connecticut and plaintiff does not aver that that meeting ever took place. Further, personal jurisdiction may not be asserted over the president of a corporation based on the president's transaction of business in Connecticut where the president did not transact any business other than through the corporation, as in the present case. *Hagar v. Zaidman*, 797 F.Supp. 132, 137 (D.Conn.1992); *Bross Utilities Service Corp. v. Aboubshait*, 489 F.Supp. 1366, 1373 (D.Conn.), *aff'd* 646 F.2d 559 (2d Cir. 1980).

 Subsection (3) is equally inapplicable inasmuch as Wex personally does no business nor solicits business other than through his corporation, if that. There is also no evidence that he personally derives substantial revenues from services ren-

dered in Connecticut or from other interstate or other international business. Wex as an individual does not fall under Conn. Gen.Stat. § 52–59b(a)(3) given the facts of this case. Accordingly, this Court does not have personal jurisdiction over Wex, as an individual.[2]

## B. GRC AND GRTV

 Plaintiff asserts personal jurisdiction as to GRC and GRTV pursuant to Conn.Gen.Stat. § 52–59(b). "[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits...." *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.1963) (en banc).

Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the foreign corporation. Second, if the statute does reach the corporation, then the court must decide whether that exercise of jurisdiction offends due process.

*Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir.1995), *citing Greene v. Sha–Na–Na*, 637 F.Supp. 591, 595 (D.Conn.1986); *Frazer v. McGowan*, 198 Conn. 243, 246, 502 A.2d 905 (1986). A trial court need not make the second inquiry if it finds that the pertinent section of the long-arm statute does not reach the defendant foreign corporation. *Frazer*, 198 Conn. at 246–47, 502 A.2d 905.

 In plaintiff's attempt to prove that GRC and GRTV "transact business" in Connecticut, his focus is on the incorrect statute upon which he has based his cause of action. His complaint states that "this Court has personal jurisdiction over all defendants pursuant to Connecticut General Statutes ('CGS') § 52–59b." Cplt. at

**2.** Although plaintiff asserts that Wex called plaintiff's associate and threatened to "get [plaintiff]", that it would be a "war and bloodbath" and that Wex would "have [plaintiff's] job", such is inadmissible hearsay.

During jurisdictional discovery, plaintiff chose not to depose anyone from his former employer, including those who terminated him or the associate who allegedly took the threatening call.

¶ 11. This statute confers personal jurisdiction over "any non-resident individual, or foreign partnership, or his executor or its administrator, who in person or through an agent. . . ." Jurisdiction over a foreign corporation may not be predicated on a section which confers personal jurisdiction only over the entities included in the statutory language. *Travelers Insurance v. Par Industries, Inc.*, 1998 WL 70587 at *4 (Conn.Super. Feb.5, 1998). Inasmuch as GRC and GRTV do not fall within these definitions, personal jurisdiction does not lie over GRC and GRTV.

■ Further, plaintiff's reliance on the contract at issue between GRC and Times Warner must fail, because the contract with which plaintiff claims these two entities tortiously interfered is his implied employment contract with his former employer, Times Warner. The pleadings in a case are the operative documents, and they may not be modified by any memorandum of law or affidavit submitted in support thereof. *See Cumis Ins. Soc., Inc. v. Citibank, N.A.*, 921 F.Supp. 1100, 1104 (S.D.N.Y.1996) (only sufficiency of pleadings at issue in motion to dismiss) This is not a breach of contract action between the sued corporations and Time Warner, to which plaintiff is not a party. Since plaintiff has set forth no facts upon which the Court could find personal jurisdiction against GRC and GRTV for tortious interference with his personal employment contract pursuant to Conn.Gen.Stat § 52–59b, his claims against GRC and GRTV must be dismissed.

### CONCLUSION

Plaintiff has failed to set forth the required factual underpinnings in order to hale Wex before this Court. Defendants' Motion to Dismiss [Doc. No. 17] is GRANTED IN PART AND PROVISIONALLY DENIED IN PART. Plaintiff may replead his complaint one last time on or before July 19, 1999, without prejudice to another Motion to Dismiss, if warranted. The amended complaint shall not include any claims against Michael Wex, individually, and must set forth in detail facts upon which plaintiff alleges a cause of action against GRC and GRTV, within the strictures of this opinion and Fed.R.Civ.P. 8.

The Clerk is directed to enter judgment for defendant Michael Wex.