### NICOLE J. KENNY *v.* DAVID E. BANKS
### (SC 17982)

Rogers, C. J., and Katz, Vertefeuille, Zarella and Schaller, Js.

Argued September 2—officially released November 18, 2008

*David M. Moore,* for the appellant (plaintiff).

*Kenneth E. Caisse,* with whom was *Brette H. Logan,* for the appellee (defendant).

*Opinion*

ROGERS, C. J. The plaintiff, Nicole J. Kenny, appeals from the judgment of the trial court dismissing her postjudgment motion for contempt. The issue presented in this case is whether the court improperly concluded that it lacked personal jurisdiction over the defendant, David E. Banks, without first hearing any testimony or making any factual findings in support of its conclusion.[1] We reverse the judgment of the trial court.

---

[1] The plaintiff further claims that the court improperly granted the defendant's motion to dismiss because the defendant had waived his personal jurisdiction claim by untimely filing the motion. Practice Book § 10-32 provides in relevant part: "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Section 10-30." Practice Book § 10-30 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." In this case, the defendant filed his motion to dismiss one day after filing his appearance on October 17, 2006. Accordingly, we reject the plaintiff's claim.

The record reveals the following relevant factual allegations and procedural history. On July 25, 1997, pursuant to a written agreement (agreement) between the parties, a New York court rendered judgment on a petition for support filed by the plaintiff. Pursuant to the agreement, the court ordered the defendant to make certain payments for the support of the parties' three children. Thereafter, the defendant moved to California, and the plaintiff moved to Connecticut with the children.

On May 19, 2006, the plaintiff registered the New York judgment in this state pursuant to the Uniform Interstate Family Support Act, General Statutes (Rev. to 2005) § 46b-212 et seq. The plaintiff then filed a post-judgment motion for contempt, alleging that the defendant had failed to provide income information and support payments as ordered by the foreign judgment.[2]

On October 18, 2006, the defendant filed a motion to dismiss the plaintiff's motion for contempt, attacking the court's personal jurisdiction. In his motion to dismiss, the defendant claimed that, under the facts of this case, the court's exercise of jurisdiction over him would violate both due process and the applicable long arm statute, General Statutes (Rev. to 2005) § 46b-212d.[3] The plaintiff filed an objection to the defendant's motion to dismiss, asserting that she could establish through

[2] In accordance with the terms of the agreement, the plaintiff served the defendant with notice of the motion for contempt by mailing, return receipt requested, a copy of the motion to the defendant's attorneys in both New York and California.

[3] General Statutes (Rev. to 2005) § 46b-212d provides in relevant part: "Subject to the provisions of subsection (b) of section 46b-46, in a proceeding to establish, enforce or modify a support order or to determine paternity, a tribunal of this state may exercise personal jurisdiction over a nonresident individual if . . . (5) the child resides in this state as a result of the acts or directives of the individual . . . or (7) there is any other basis consistent with the Constitutions of this state and the United States for the exercise of personal jurisdiction."

testimony the relevant facts necessary for the court to assume jurisdiction over the defendant.

When the court heard argument on the defendant's motion to dismiss on November 9, 2006, the plaintiff offered to testify in order to establish the facts necessary for the court to find jurisdiction, but the court refused to allow testimony. On June 11, 2007, the court summarily granted the defendant's motion to dismiss, stating: "Motion to dismiss granted. None of the requirements of . . . § 46b-212d [are] satisfied."[4] The court subsequently denied the plaintiff's motions for reconsideration and articulation of its ruling.[5] The plaintiff timely appealed from the judgment to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The dispositive issue in this appeal is whether the court improperly granted the defendant's motion to dismiss for lack of personal jurisdiction without first hearing testimony and making factual findings in support of its conclusion that jurisdiction over the defendant was lacking under the long arm statute. Our review of the court's dismissal for lack of personal jurisdiction is governed by certain well settled principles.

"[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007).

---

[4] The court originally granted the defendant's motion to dismiss the plaintiff's motion for contempt on November 9, 2006. Because it did not issue timely notice of its decision to the parties, however, the court vacated its November 9, 2006 order and granted the defendant's motion to dismiss as of June 11, 2007.

[5] On December 5, 2007, the plaintiff filed with this court a motion for review of the trial court's denial of her motion for articulation pursuant to Practice Book § 66-7. We granted the plaintiff's motion for review, but denied the relief requested. Accordingly, we conclude that the plaintiff has taken the steps necessary to ensure that the record is adequate for our review. See Practice Book §§ 60-5 and 61-10.

"When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process. . . . Thus, based on the facts in the record, this court must determine: first, whether § [46b-212d] properly applies to the defendant; and, second, if the statutory threshold is met, whether the defendant has the requisite minimum contacts with this state sufficient to satisfy constitutional due process concerns." (Citations omitted; internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 514–15, 923 A.2d 638 (2007).

In many cases jurisdiction is manifest, as where the sheriff's return shows in-hand service in Connecticut. See *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 52, 459 A.2d 503 (1983). When jurisdiction is not clear on the face of the record, however, additional facts may be required to support the court's exercise of long arm jurisdiction. See id., 52–53. "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 515. In order to sustain the plaintiff's burden, due process requires that a trial-like hearing be held, in which she has an opportunity to present evidence and to cross-examine adverse witnesses, unless, as with summary judgment, no genuine issue as to a material fact exists. *Standard Tallow Corp.*

v. *Jowdy*, supra, 56. Further, we do not require that a plaintiff allege the disputed jurisdictional facts in her pleading. See id., 53.

In this case, the plaintiff claims that the facts support a finding of jurisdiction because (1) the parties' children reside in Connecticut as a result of the defendant's actions or directives, and (2) the defendant's minimum contacts with this state were such that jurisdiction would not offend traditional notions of fair play and substantial justice. See General Statutes (Rev. to 2005) § 46b-212d (5) and (7); *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 523, citing *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Whether the defendant's actions or directives have resulted in the children living in Connecticut and whether the defendant has established contacts with this state sufficient to satisfy due process are factual issues. See *Ryan* v. *Cerullo*, supra, 282 Conn. 124 n.15 (whether defendant's conduct caused particular result in this state presented question of fact); see also *Cogswell* v. *American Transit Ins. Co.*, supra, 525. Because those factual issues were disputed by the defendant, the plaintiff was entitled to present evidence in support of her version of the facts.[6] We conclude that the trial court improperly failed to provide her that opportunity and found jurisdiction lacking without any factual basis for its conclusion.

---

[6] At the hearing on the defendant's motion to dismiss, the plaintiff offered to testify that the defendant "was well aware of the fact that [she] was anticipating moving to the state of Connecticut at the time of the entry of the decree . . . [and] that [the defendant] knew at the time that this decree was entered that the parties were contemplating [the plaintiff] and the children moving to the state of Connecticut." We cannot conclude, on the basis of this offer of proof, that the plaintiff, as a matter of law, was unable to establish sufficient facts to support the court's exercise of long arm jurisdiction over the defendant, particularly under § 46b-212d (7), the most open-ended of the factual scenarios set forth in the long arm statute. Accordingly, a genuine issue of material fact remained for the court to resolve after a hearing. See *Standard Tallow Corp.* v. *Jowdy*, supra, 190 Conn. 56.

The judgment is reversed and the case is remanded to the trial court for a hearing on the issue of the court's jurisdiction over the defendant and for further proceedings according to law.

In this opinion the other justices concurred.