******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

DESIGNS FOR HEALTH, INC. *v.* MARK MILLER
(AC 40708)

Keller, Bright and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for breach of contract in connection with an agreement pursuant to which the defendant agreed to sell certain products provided by the plaintiff. In its complaint, the plaintiff alleged that the defendant, who is a resident of California and maintains his primary place of business there, violated the terms of the agreement and, therefore, was required to pay the plaintiff damages pursuant to a liquidated damages clause in the agreement, which contained a forum selection clause that required litigation arising from the agreement to be resolved by Connecticut courts. The defendant filed a motion to dismiss the action for lack of personal jurisdiction, asserting that the plaintiff could not meet its burden to prove that he had signed the agreement. The defendant attached to his motion an affidavit in which he averred that he never had any contact with Connecticut and never signed, or authorized anyone to sign, any document that might constitute doing business of any kind in Connecticut. The plaintiff filed a memorandum of law in opposition to the motion to dismiss in which it contended that the trial court had personal jurisdiction over the defendant because he had signed the agreement electronically. The plaintiff submitted a number of attachments in support of its opposition that cumulatively asserted that the defendant had signed the agreement electronically. The defendant filed a reply and an attached supplemental affidavit in which he specifically rebutted the plaintiff's contentions. Thereafter, the court conducted a hearing on the motion to dismiss at which it heard the parties' oral arguments. The parties did not request and the court did not hold a full evidentiary hearing but, instead, relied on the memoranda and documentary evidence submitted by the parties to resolve the critical factual dispute as to whether the defendant had signed the agreement electronically. The trial court granted the motion to dismiss and rendered judgment thereon, concluding that the plaintiff failed to meet its burden to establish that the court had jurisdiction over the defendant pursuant to the long arm statute (§ 52-59b [a] [1]) applicable to nonresident individuals because it failed to establish that the defendant had signed the agreement electronically. On the plaintiff's appeal to this court, *held* that the trial court improperly granted the defendant's motion to dismiss and concluded that it lacked personal jurisdiction over the defendant: applying the prima facie standard used by the United States Court of Appeals for the Second Circuit in cases involving jurisdictional disputes where the evidentiary record is only partially developed and the parties have not requested a full evidentiary hearing, this court concluded that the plaintiff met its burden to make a prima facie showing that the court had personal jurisdiction over the defendant because the plaintiff submitted evidence, which, if credited by the trier of fact, was sufficient to establish that the defendant electronically had signed the agreement containing the forum selection clause; moreover, because the plaintiff met its threshold burden of making a prima facie showing and the parties did not request and the trial court did not hold a full evidentiary hearing, the trial court was required to deny the defendant's motion to dismiss.

Argued October 9, 2018—officially released January 8, 2019

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Scholl, J.*, granted the defendant's motion to dismiss for lack of personal jurisdiction and rendered judgment thereon, from which the plaintiff appealed to this court.

*Reversed; further proceedings.*

*Stephen J. Curley*, with whom, on the brief, was *Daniel B. Fitzgerald*, for the appellant (plaintiff).

*Jeffrey Hellman*, for the appellee (defendant).

*Opinion*

BRIGHT, J. The plaintiff, Designs for Health, Inc., appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Mark Miller. On appeal, the plaintiff claims that the court improperly concluded that it lacked personal jurisdiction over the defendant because the plaintiff failed to establish that the defendant had signed electronically an agreement in which the parties expressly agreed to submit to the jurisdiction of state and federal courts in Connecticut. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. On September 27, 2016, the plaintiff filed this breach of contract action against the defendant. In the one count complaint, the plaintiff alleged the following relevant facts. The plaintiff, a Florida corporation with offices in Connecticut, "is in the business of producing and selling a professional line of nutraceutical and natural health products . . . to consumers for sale through health care providers . . . ." The defendant, a podiatrist, maintains a primary place of business in California and is a resident of California. On or about June 10, 2016, the plaintiff and the defendant entered into an agreement pursuant to which the defendant agreed to sell products provided by the plaintiff. Between August 17 and September 8, 2016, the defendant violated the agreement when he sold products that he had purchased from the plaintiff on a website that had not been authorized by the plaintiff. As a result of this violation, the defendant is required, pursuant to a liquidated damages clause in the agreement, to pay the plaintiff at least $53,000. The agreement, which was attached to the complaint, contains a forum selection clause that requires litigation arising from the agreement to be resolved by Connecticut courts.[1]

On November 3, 2016, the defendant filed a motion to dismiss in which he argued that the court lacked personal jurisdiction over him because the plaintiff could not meet its burden to prove that he had signed the agreement. The defendant attached to his motion, among other things, an affidavit in which he averred that he never had any contact with the state of Connecticut and never signed, or authorized anyone to sign, any document that "might constitute doing business of any kind in Connecticut." On December 2, 2016, the plaintiff filed a motion for an extension of time to respond to the defendant's motion so that it could depose the defendant regarding the factual statements made in his affidavit. On January 23, 2017, the court entered a scheduling order that permitted the plaintiff to conduct the defendant's deposition. On February 22, 2017, the plaintiff took the deposition of the defendant in California.

On March 24, 2017, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss in which it contended that the court had personal jurisdiction over the defendant because he had signed electronically the agreement that contained the forum selection clause. The plaintiff submitted a number of attachments in support of its opposition that cumulatively asserted that the defendant had signed electronically the agreement, including certain excerpts of the deposition of the defendant, a copy of the agreement, an affidavit of its general counsel, Stephen M. Carruthers, a "DocuSign" certificate of completion, a screenshot of a "GeoMapLookup" search, notice sent by Carruthers to the defendant informing him of his alleged breach of the agreement, documents evincing the service of the defendant, an affidavit of the plaintiff's independent sales representative, Toni Lyn Davis, as well as a redacted record of her telephone calls, and a series of e-mails that purportedly were exchanged between Carruthers and the defendant. On April 7, 2017, the defendant filed a reply that contended that the plaintiff failed to meet its burden to establish personal jurisdiction, and he attached a supplemental affidavit in which he specifically rebutted the contentions made by the plaintiff in support of its opposition.

On May 22, 2017, the court conducted a hearing on the motion to dismiss at which it heard the parties' oral arguments. On May 31, 2017, the court issued a memorandum of decision in which it granted the defendant's motion. Therein, the court noted that, although "due process requires that a trial-like hearing be held" when "issues of fact are necessary to the determination of a court's jurisdiction," the "parties did not request that an evidentiary hearing be held but rel[ied] on evidence they ha[d] submitted by affidavit." (Internal quotation marks omitted.) Accordingly, the court compared the evidence submitted by both parties[2] and concluded that "the plaintiff has failed to meet its burden to establish that this court has jurisdiction over the defendant. It has not established that the defendant . . . transacted any business in this state, that is, entered into the agreement which is the subject of this lawsuit, such that the court has jurisdiction over the defendant pursuant to the long arm statute" applicable to nonresident individuals, General Statutes § 52-59b (a) (1).[3] On June 20, 2017, the plaintiff filed a motion to reargue, which was denied summarily by the trial court. This appeal followed. Additional facts will be set forth as necessary.

We begin with our standard of review and relevant legal principles. "[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Kenny* v. *Banks*, 289 Conn. 529, 532, 958 A.2d 750 (2008). "When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry

to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state [long arm] statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Samelko* v. *Kingstone Ins. Co.*, 329 Conn. 249, 256, 184 A.3d 741 (2018).

"Ordinarily, the defendant has the burden to disprove personal jurisdiction." Id. Nevertheless, "[i]f the defendant challenging the court's personal jurisdiction is a foreign corporation or a nonresident individual, it is the plaintiff's burden to prove the court's jurisdiction." *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 515, 923 A.2d 638 (2007); see *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 53–54, 459 A.2d 503 (1983). "To do so, the [plaintiff] must produce evidence adequate to establish such jurisdiction." (Internal quotation marks omitted.) *Samelko* v. *Kingstone Ins. Co.*, supra, 329 Conn. 256.

In the present case, the plaintiff's sole basis for the court's exercise of personal jurisdiction over the defendant is that he signed electronically the agreement that contained the forum selection clause. The defendant does not dispute that the court would have personal jurisdiction over him if he had signed the agreement containing the forum selection clause;[4] rather, the defendant maintains that he did not sign the agreement.

In determining whether a plaintiff met its burden to establish personal jurisdiction over a defendant, a trial court "may encounter different situations, depending on the status of the record in the case. . . . [L]ack of . . . jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (Internal quotation marks omitted.) *Angersola* v. *Radiologic Associates of Middletown, P.C.*, 330 Conn. 251, 274, 193 A.3d 520 (2018); see also *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 516.

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . .

"[When] the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . the trial court, in

determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint . . . but may rest on the jurisdictional allegations therein." (Internal quotation marks omitted.) *Angersola* v. *Radiologic Associates of Middletown, P.C.*, supra, 330 Conn. 274–75; see *Golodner* v. *Women's Center of Southeastern Connecticut, Inc.*, 281 Conn. 819, 826–27, 917 A.2d 959 (2007) (trial court should accept all undisputed facts when making personal jurisdiction determination where no evidentiary hearing was requested); *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 608–609, 674 A.2d 426 (1996) (same).

"Finally, [when] a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. . . . Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. . . . An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding [on the basis of] memoranda and documents submitted by the parties. . . . In such circumstances, the court may also in its discretion choose to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, [until] a full trial on the merits has occurred." (Citations omitted; internal quotation marks omitted.) *Angersola* v. *Radiologic Associates of Middletown, P.C.*, supra, 330 Conn. 275–76; see *Kenny* v. *Banks*, supra, 289 Conn. 533–34 (trial court erred in concluding that it lacked personal jurisdiction over nonresident defendant without first holding evidentiary hearing to resolve factual issues); *Standard Tallow Corp.* v. *Jowdy*, supra, 190 Conn. 56 (same).

In the present case, the evidence submitted by both parties created a critical factual dispute as to whether the defendant had signed the agreement.[5] The court, notwithstanding the foregoing standard, resolved that critical factual dispute on the basis of only the memoranda and documents submitted by the parties because the "parties did not request that an evidentiary hearing

be held but rel[ied] on evidence they ha[d] submitted by affidavit." Indeed, we readily acknowledge that there is nothing in the record to indicate that, prior to the court's decision on the motion to dismiss, the parties specifically requested that the court hold an evidentiary hearing, defer resolution to permit further discovery, or postpone deciding that issue until trial.[6]

On appeal, the plaintiff does not argue that the court erred by considering the critical factual dispute on the basis of only the memoranda and documents submitted by the parties; rather, the plaintiff's position is that the court erred when it improperly applied a heightened standard of proof to resolve the critical factual dispute in favor of the defendant. Although it is well established that a plaintiff has the burden to prove the court's personal jurisdiction over a nonresident defendant; see *Standard Tallow Corp.* v. *Jowdy*, supra, 190 Conn. 51–54; the plaintiff maintains that neither our Supreme Court nor this court has articulated the standard of proof by which a plaintiff must establish personal jurisdiction to defeat a motion to dismiss filed by a nonresident defendant in a circumstance where a trial court decides the motion on the basis of only the documentary evidence submitted by the parties and without a full evidentiary hearing. In the absence of such a rule, the plaintiff advocates that we apply the prima facie standard that is employed by the federal courts and, at times, by our Superior Court,[7] to circumstances as in the present case. We agree with the plaintiff.

We find particularly persuasive the decision of the United States Court of Appeals for the Second Circuit in *Dorchester Financial Securities, Inc.* v. *Banco BRJ, S.A.*, 722 F.3d 81 (2nd Cir. 2013),[8] which outlined the following federal standard applicable to motions to dismiss for lack of personal jurisdiction: "[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. . . . Significantly, however, the showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it varies depending on the procedural posture of the litigation. . . . [W]e [have] explained this sliding scale as follows:

"Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations. After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over

the defendant. At that point, the prima facie showing must be factually supported.

"Where the jurisdictional issue is in dispute, the plaintiff's averment of jurisdictional facts will normally be met in one of three ways . . . . If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation . . . the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction. If the defendant asserts . . . that undisputed facts show the absence of jurisdiction, the court proceeds . . . to determine if undisputed facts exist that warrant the relief sought. If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence." (Citations omitted; internal quotation marks omitted.) Id., 84–85; see *Marine Midland Bank, N.A.* v. *Miller*, 664 F.2d 899, 904 (2d Cir. 1981) ("If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials. Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion.").

We are persuaded that the sliding scale standard outlined by the United States Court of Appeals for the Second Circuit in *Dorchester Financial Securities, Inc.*, should be applied to jurisdictional disputes arising before Connecticut courts because it is entirely consistent with Connecticut's existing framework for the resolution of jurisdictional issues. For instance, when a Connecticut trial court decides a jurisdictional issue on the basis of only the complaint, it accepts the plaintiff's jurisdictional allegations as true, essentially determining whether the plaintiff has made a prima facie case for the exercise of jurisdiction. By contrast, when there is a critical factual dispute relating to jurisdiction, or when the question of jurisdiction is intertwined with the resolution of the merits of the case, the trial court, when requested by a party, must defer resolution of the jurisdictional issue until an evidentiary hearing or a trial on the merits has occurred. Because the proof of a fact at the trial on the merits typically must be by a preponderance of the evidence, that necessarily would be the plaintiff's burden to prove the same fact for jurisdictional purposes. Furthermore, it would be futile to hold a trial-like hearing if the burden of proof was less than by a preponderance of the evidence.

Given the consistency of Connecticut practice with Second Circuit jurisprudence in cases with no evidentiary record and those with a full evidentiary record,

we also conclude that the Second Circuit's use of the prima facie standard makes sense for cases, such as this, where the evidentiary record is only partially developed and the parties have not requested a full evidentiary hearing. Our Supreme Court repeatedly has cautioned trial courts not to make jurisdictional findings where there are disputed issues of fact until the court has held a full evidentiary hearing "because a court cannot make a critical factual [jurisdictional] finding [on the basis of] memoranda and documents submitted by the parties." (Internal quotation marks omitted.) *Angersola* v. *Radiologic Associates of Middletown, P.C.*, supra, 330 Conn. 275. Consequently, where, as in the present case, neither party requests an evidentiary hearing, the court cannot resolve the parties' factual dispute. Instead, the court must determine whether the plaintiff's submissions establish a prima facie case. The prima facie standard ensures that the critical factual dispute remains unresolved until after an evidentiary hearing or trial is held, at which the plaintiff would have the elevated burden of proving the court's personal jurisdiction by a preponderance of the evidence. Accordingly, having concluded that the prima facie standard applies to the present case, we now consider whether the plaintiff met its burden to make a prima facie showing that the court had personal jurisdiction over the defendant.[9]

"[T]o establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Internal quotation marks omitted.) *Schweiger* v. *Amica Mutual Ins. Co.*, 110 Conn. App. 736, 739, 955 A.2d 1241, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008); see 9 J. Wigmore, Evidence (3d Ed. 1940) § 2494 (delineating general principles of prima facie case). Consequently, because the evidence submitted by the defendant tended to establish that the court lacked personal jurisdiction and the court decided the defendant's motion to dismiss on the basis of only the parties' documentary evidence, "the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that [are factually supported, and] if credited by the trier, would suffice to establish jurisdiction over the defendant." (Internal quotation marks omitted.) *Dorchester Financial Securities, Inc.* v. *Banco BRJ, S.A.*, supra, 722 F.3d 85. This prima facie showing is made notwithstanding any controverting presentation by the defendant. Id., 86; see *Marine Midland Bank, N.A.* v. *Miller*, supra, 664 F.2d 904.

In the present case, the plaintiff submitted several attachments in support of its opposition to the defendant's motion to dismiss that purportedly established

that the defendant signed the agreement. In particular, the plaintiff attached a copy of the alleged agreement that contained the forum selection clause. The agreement provides that it was entered into on June 10, 2016, by the plaintiff and "Mark Miller . . . having an address of 2640B El Camino Real, Carlsbad, CA 92008." The plaintiff's general counsel, Carruthers, attested in his affidavit that the agreement was executed electronically "through a secure portal provided by a third-party known as 'DocuSign' . . . ." The plaintiff submitted a copy of a DocuSign certificate of completion that purportedly established that the defendant electronically signed the agreement on June 10, 2016, using the e-mail address drmillerorders@gmail.com. Carruthers further averred that he had engaged in e-mail correspondences concerning the breach of the alleged agreement with the defendant, who was using the e-mail address drmillerorders@gmail.com. The plaintiff submitted a printout of these e-mail correspondences, which occurred between December 7 and 9, 2016.

The plaintiff also submitted an affidavit from its independent sales representative, Davis, wherein she attested that on June 22, 2016, twelve days after the agreement allegedly was executed, she received a voicemail left by an individual who identified himself as "Dr. Mark Miller." She further averred that, approximately ten minutes after she attempted to return the call, she received a second call from the same telephone number and that she spoke to an individual "who identified himself as Dr. Mark Miller," and who "indicated that he desired to open an account to purchase [the plaintiff's] products for the patients of a group of five . . . health care professionals . . . ." Davis attached to her affidavit a redacted printout of her telephone bill that evinces the "place called," date, time, number called, and duration of these telephone calls.

The plaintiff additionally submitted certain excerpts of the deposition of the defendant taken on February 22, 2017. Therein, the defendant testified that he operates a mobile podiatry practice and that his "corporate address" is a United Parcel Service store at 2604B El Camino Real, Box No. 311, Carlsbad, California 92008.[10] He further testified that he received at his corporate address a copy of the writ of summons and complaint that stemmed from the present action, which was addressed to 2640B El Camino Real, Carlsbad, California 92008. Further, the defendant stated that he was familiar with DocuSign and that he previously had used it to sign documents. The defendant also testified that his only personal telephone number is the same telephone number identified by Davis and that he had received a telephone call "in late summer [or] early fall" from Davis "about signing up as a distributor." He further testified that he previously had heard of the plaintiff because it was recommended by one of his patients "last summer," but he could not recall whether

he ever ordered or received products from the plaintiff.

The circumstances of the present case are strikingly similar to those at issue in *Dorchester Financial Securities, Inc.* v. *Banco BRJ, S.A.*, supra, 722 F.3d 81. In that case, the plaintiff, a Florida corporation with offices in New York, filed an action alleging that the defendant, a Brazilian bank, was liable for breaching an agreement between the parties concerning an irrevocable letter of credit. Id., 82–83. The defendant moved to dismiss the action on the ground that the court lacked personal jurisdiction over it. Id., 83. In response, the plaintiff filed a memorandum of law and attached, among other things, the agreement that contained a forum selection clause by which the defendant allegedly consented to submit to the jurisdiction of the state of New York. Id. In support of its motion to dismiss, the defendant contended that the plaintiff's attachments were forgeries, and, accordingly, it submitted sworn declarations and supporting documentation that categorically denied the plaintiff's contentions.[11] Id., 83–84. The District Court granted the motion to dismiss on the basis of the defendant's "direct, highly specific testimonial evidence" submitted in support of its denials, and the plaintiff appealed therefrom. Id., 84.

The Second Circuit Court of Appeals applied the prima facie standard to vacate the District Court's decision that granted the defendant's motion to dismiss. Id., 85. The court held that, in the absence of an evidentiary hearing or trial, the defendant's alleged consent to the forum selection clause contained within the agreement submitted by the plaintiff was sufficient to establish a prima facie case of personal jurisdiction. Id. The court recognized that "there is plainly reason to question the authenticity of the . . . agreement, as [the defendant's] evidence submitted to the district court tends to show that the agreement and the other documents upon which [the plaintiff] relied were forgeries. But in the absence of an evidentiary hearing, it was error for the district court to resolve that factual dispute in [the defendant's] favor." Id., 86. It further held that "[t]o be clear, we do not hold that the district court in this case erred in failing to hold an evidentiary hearing, as there is no indication that either party requested one. Nor did the district court err in considering materials outside the pleadings, as we have made clear that a district court may do so . . . . Instead, the district court's error was, having chosen not to conduct a full-blown evidentiary hearing . . . in resolving the parties' dispute over the authenticity of [the plaintiff's] evidence rather than evaluating, whether [the plaintiff] had, through its pleadings and affidavits, made a prima facie showing of personal jurisdiction notwithstanding any controverting presentation by the defendant . . . ." (Citations omitted; internal quotation marks omitted.) Id.

The cumulative evidence submitted by the plaintiff in the present case exceeds the evidence the Second Circuit considered to be sufficient to establish a prima facie case in *Dorchester Financial Securities, Inc.*, in which the court stated that it "need look no further" than the agreement that contained the forum selection clause. See id., 85 and n.3. In the present case, the plaintiff submitted an abundance of corroborating evidence to establish that the defendant signed the agreement. Carruthers' affidavit evinced that the agreement was executed electronically through Docu-Sign by "Mark Miller," who has an address of "2640B El Camino Real, Carlsbad, CA 92008." In his deposition, the defendant testified that he received service stemming from the present case at his corporate address, which is sufficiently similar to the address designated on the agreement. The defendant also testified that he was familiar with DocuSign and had used it in the past. The DocuSign certificate of completion evinces that the agreement was signed on June 10, 2016, using the e-mail address drmillerorders@gmail.com. That e-mail address is corroborated by the statements in Carruthers' affidavit and the attached series of e-mails, which purportedly demonstrated correspondences regarding the breach of the alleged agreement between Carruthers and drmillerorders@gmail.com. Additionally, the defendant agreed at his deposition that he engaged in a telephone conversation with Davis regarding the sale of the plaintiff's products around the time that the agreement allegedly was executed. This admission is substantiated by Davis' affidavit and the printout of her telephone bill that displays the particular details of those telephone calls, which occurred two weeks after the agreement allegedly was executed. Indeed, the defendant conceded that his telephone number was identified accurately by Davis. Finally, the defendant acknowledged his familiarity with the plaintiff and did not affirmatively deny that he ordered or received products from the plaintiff, but, rather, he responded that he *could not recall.*

Applying the foregoing principles to the present case, we conclude that the plaintiff met its burden to make a prima facie showing that the court had personal jurisdiction over the defendant because the plaintiff submitted evidence, which, if credited by the trier of fact, was sufficient to establish that the defendant had signed the agreement containing the forum selection clause. Nevertheless, we recognize, as the court did in *Dorchester Financial Securities, Inc.*, that the evidence submitted by the defendant in support of his motion to dismiss plainly calls into question whether the defendant actually signed the alleged agreement. Although a trial court properly can consider such documentary evidence in determining whether a critical factual dispute exists, it cannot consider such evidence when determining whether a plaintiff has made a prima facie showing,

and, absent a full evidentiary hearing, it cannot utilize this evidence to resolve a critical factual dispute. Thus, because the plaintiff met its threshold burden of making a prima facie showing, and the parties did not request and the court did not hold a full evidentiary hearing, the court was required to deny the defendant's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The forum selection clause of the agreement provides: "This [a]greement shall be governed in all respects by the substantive laws of the [s]tate of Connecticut without regard to such state's conflict of law principles. [The parties] agree that the sole and exclusive venue and jurisdiction for disputes arising from this [a]greement shall be in the state or federal court located in Hartford [c]ounty, Connecticut, and [the parties] hereby submit to the jurisdiction of such courts; provided, however, that equitable relief may be sought in any court having proper jurisdiction."

[2] The court excluded the evidence of the "GeoMapLookup" screenshot and Carruthers' related statements in his affidavit that purportedly demonstrated the physical location of the Internet Protocol address (IP address) used to execute the agreement. The court specifically stated that "[t]he only evidence submitted by the plaintiff to establish that the referenced IP address is the defendant's is inadmissible and irrelevant hearsay in that it is information from a domain which indicates that the IP address can be traced to the vicinity of a town in California which borders the town in which the defendant allegedly maintains a place of business." Generally, although a plaintiff may rely on only evidence that would be admissible at trial to make a prima facie showing; see *Lujan* v. *Cabana Management, Inc.*, 284 F.R.D. 50, 64 (E.D.N.Y. 2012); *Adams* v. *Wex*, 56 F. Supp. 2d 227, 229 (D. Conn. 1999); but see *Schmidt* v. *Martec Industries Corp.*, United States District Court, Docket No. 07-5020 (DRH) (E.D.N.Y. Sept. 3, 2009); we need not consider whether the trial court erred by excluding this evidence because the proximity of the physical location of the IP address is not necessary to our resolution of this appeal. Consequently, assuming, without deciding, that the trial court properly excluded this evidence, we likewise omit this evidence from our consideration.

[3] General Statutes § 52-59b (a) provides in relevant part: "[A] court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . (1) [t]ransacts any business within the state . . . ."

[4] "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) *Narayan* v. *Narayan*, 305 Conn. 394, 402, 46 A.3d 90 (2012). "Where an agreement contains a valid and enforceable forum selection clause, it is not necessary to analyze jurisdiction under the state long-arm statutes or federal constitutional due process. . . . Parties may consent to personal jurisdiction through forum-selection clauses in contractual agreements." (Citation omitted; internal quotation marks omitted.) *Discover Property & Casualty Ins. Co.* v. *TETCO, Inc.*, 932 F. Supp. 2d 304, 309 (D. Conn. 2013); see *Phoenix Leasing, Inc.* v. *Kosinski*, 47 Conn. App. 650, 653, 707 A.2d 314 (1998) ("forum selection clauses have generally been found to satisfy the due process concerns targeted by the minimum contacts analysis").

[5] As outlined previously in this opinion, the plaintiff submitted the agreement containing the forum selection clause and a number of other attachments that purportedly established that the defendant had signed the agreement. The defendant submitted two affidavits in which he categorically denied signing the agreement.

[6] At the May 22, 2017 hearing on the motion to dismiss, the plaintiff advocated that the issue of whether the defendant signed the agreement is eventually going to have to be determined at trial, however, it did not request that the court specifically delay making that determination until trial and, in fact, argued that it had carried its burden "at the motion to dismiss phase." Furthermore, in its June 29, 2017 motion to reargue, the plaintiff set forth the following proposition: "[The plaintiff] believes that the court can and should deny [the] defendant's motion without any additional corroborating information concerning the IP address. However, if the court takes the

position that additional information regarding the IP address is essential to deciding the motion, [the plaintiff] would appreciate the opportunity to conduct some additional discovery and subpoena information relating to the IP address." See footnote 2 of this opinion. This request, however, was made after the court already had decided the motion to dismiss.

[7] See, e.g., *Tregaskis* v. *Wine Enthusiast Cos.*, Superior Court, judicial district of Litchfield, Docket No. CV-95-0067373-S (July 21, 1995) (relying on *In re Connecticut Asbestos Litigation*, 677 F. Supp 70, 72 [D. Conn 1986]); *Noon* v. *Calley & Currier Co.*, Superior Court, judicial district of Hartford, Docket No. CV-93-521514-S (March 9, 1995) (14 Conn. L. Rptr. 132) (same); *Vitale Fireworks Display Co.* v. *S. Mantsuna & Co.*, Superior Court, judicial district of Litchfield, Docket No. CV-93-0064860-S (October 31, 1994) (same); but see *Gamlestaden PLC* v. *Lindholm*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-93-0130058-S (February 28, 1996) (declining to follow prima facie rule).

[8] "[F]ederal rules of civil procedure and the federal court's interpretations thereon are not binding upon the state courts. . . . Federal case law, particularly decisions of the United States Court of Appeals for the Second Circuit . . . can be persuasive in the absence of state appellate authority . . . ." (Citations omitted; internal quotation marks omitted.) *Duart* v. *Dept. of Correction*, 116 Conn. App. 758, 765, 977 A.2d 670 (2009), aff'd, 303 Conn. 479, 34 A.3d 343 (2012); *Turner* v. *Frowein*, 253 Conn. 312, 341, 752 A.2d 955 (2000) ("[d]ecisions of the Second Circuit Court of Appeals, although not binding on us, are particularly persuasive").

[9] Although the court rendered its judgment without the benefit of this opinion, we need not remand the matter to the trial court for a determination as to whether the plaintiff made a prima facie showing of personal jurisdiction because that issue can be determined as a matter of law on the basis of the record before us. See *Emerick* v. *Glastonbury*, 145 Conn. App. 122, 131, 74 A.3d 512 (2013) (remand unnecessary where record on appeal sufficient to make determination as matter of law), cert. denied, 311 Conn. 901, 83 A.3d 348 (2014); *Rosenthal* v. *Bloomfield*, 178 Conn. App. 258, 263, 174 A.3d 839 (2017) ("[w]hether the plaintiff has made out a prima facie case is a question of law" [internal quotation marks omitted]).

[10] The defendant's corporate address, 2604B El Camino Real, Box No. 311, Carlsbad, California 92008, is substantially similar to the defendant's address listed on the agreement, "2640B El Camino Real, Carlsbad, CA 92008."

[11] Specifically, the defendant's evidence tended to show that (1) it had no prior relationship with the plaintiff, (2) it never did business in the United States, and (3) it had never issued financial instruments of the size and nature of the purported letter of credit. The defendant also submitted court documents from Florida and California to show that it had been the victim of similar fraudulent schemes in those states.

―――――――――――――――